IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID DODART, an individual, and YOUNG AGAIN NUTRITION, LLC, a Texas limited liability company, dba YOUNG AGAIN NUTRIENTS, LLC, a Texas limited liability company, | |
| Plaintiffs and Counterclaim Defendants, | ORDER FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST DAVID DODART, DIRECTING ENTRY OF JUDGMENT AGAINST DAVID DODART, AND STAYING ACTION AS TO REMAINING PARTIES |
| vs. | |
| YOUNG AGAIN PRODUCTS, INC., dba YOUNG AGAIN PRODUCTS INTERNET, INC., a Maryland corporation, | Case No. 2:03-CV-00035 PGC |
| Defendant and Counterclaim Plaintiff. | |

**INTRODUCTION**

In this trademark infringement and unfair competition action, (1) the court has held a

bench trial as to liability, reserving a determination of damages; (2) the has court entered

Findings of Fact and Conclusions of Law, determining that the plaintiffs and counterclaim

defendants Young Again Nutrition and David Dodart infringed defendant and counterclaim

plaintiff Young Again Products' trademark "Young Again;" (3) Products has drafted a Proposed

Order for Declaratory and Injunctive Relief and a Proposed Certified Order of Cancellation of

Mr. Dodart's registration of the trademark "Young Again;" and (4) Nutrition and Mr. Dodart

have filed objections to the proposed orders.  Familiarity with these is assumed.

After these events, Nutrition filed a Notice of Suggestion of Bankruptcy, suggesting that

the automatic stay precludes the court from proceeding at this time to enter any injunctive relief.

Products concedes that the automatic stay applies to any trial on damages.  Nevertheless,

Products contends that the court should proceed to enter injunctive relief based upon the Findings

of Fact and Conclusions of Law.  The court concludes the automatic stay precludes further

proceedings at this time as to Nutrition, but not as to Mr. Dodart.  Accordingly, the court stays

this action as to Nutrition.

The only objection Mr. Dodart has to Products' Proposed Order for Declaratory and

Injunctive Relief is that it awards costs to Products.  Because Mr. Dodart was a minor player in

this action, the court denies Products' request for costs against Mr. Dodart.  The court otherwise

orders declaratory and injunctive relief against Mr. Dodart consistent with its Findings of Fact

and Conclusions of Law and closes this case with respect to Mr. Dodart.

### DISCUSSION

I.    *The Automatic Stay Bars the Court from Proceeding as to Nutrition but not Mr. Dodart.*

Title 11 U.S.C. § 362 clearly provides that the filing of a bankruptcy petition

automatically stays the continuation of a judicial action or proceeding against a debtor that was

commenced before the bankruptcy proceeding.[1]  After this action was commenced, Nutrition

filed its bankruptcy petition.  Therefore, this section automatically stays continuation of this

action against Nutrition.

Additionally, the automatic stay applies to "any act to obtain possession of property of the

estate or of property from the estate or to exercise control over property of the estate."[2]  The court

is concerned that in its proposed order for injunctive relief, Products seeks to obtain possession

of property that may be property of the estate – for example, Mr. Dodart's registration of the

trademark "Young Again," which Mr. Dodart assigned to Nutrition.

The court recognizes that Products is anxious to move forward based upon the court's

Findings of Facts and Conclusions of Law.  Nonetheless, the bankruptcy code is clear that the

automatic stay bars this court from taking action as to Nutrition at this point.  Products argues

that enforcing the stay means that Nutrition can continue infringing its trademarks.  Relying on

*Bambu Sales, Inc. v. Nu Service Tobacco, Co.*,[3] Products contends that this court should enjoin

further infringement.  *Bambu Sales* in turn relied upon dicta in a 1973 case in which the United

States District Court for District of Connecticut stated that the bankruptcy code

> should not be used as a shield behind which a debtor may sustain the
> misappropriation of a trade name to which he is not rightfully entitled.  Nor will
> this Court permit it to be used as an instrument by which the damages to an

---

[1]*See* 11 U.S.C. § 362(a)(1).

[2]11 U.S.C. § 362(a)(3).

[3]683 F. Supp. 899, 917 (E.D.N.Y. 1988) (following persuasive reasoning of court in *Steak & Brew, Inc. v. Makris,* 177 U.S.P.Q. 412 (D. Conn 1973), in granting summary judgment on liability as predicate to equitable relief notwithstanding automatic stay).

innocent party may be increased unnecessarily.[4]

Neither *Bambu Sales* nor *Steak & Brew* are binding here, and the court finds their reasoning unpersuasive.  A bankruptcy stay is not a "shield to hide behind" but rather a device for the orderly disposition of litigation involving a bankrupt company.  Products is certainly free to request an injunction against further trademark infringement.  It must, however, make application to the appropriate bankruptcy court, rather than this court, by way of a motion for lifting of the bankruptcy stay or other appropriate motion.  For this court to move forward on Products' request would produce simultaneous litigation on overlapping issues before two different courts, the very thing that the bankruptcy stay is designed to prevent.

While the automatic stay precludes the court from proceeding as to Nutrition, the automatic stay does not apply to Mr. Dodart.[5]  Accordingly, the court proceeds to consider Products' Proposed Order for Declaratory and Injunctive relief against Mr. Dodart.

II.    *Because Products Recovers No Damages Against Mr. Dodart, the Court Declines to Award Costs.*

Mr. Dodart objects only to paragraph eight of Products' Proposed Order for Declaratory and Injunctive Relief, in which Products seeks costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  Mr. Dodart contends that in its June 30, 2005 order, the court dismissed with prejudice Products' claim for costs.  The court disagrees.  In the June 30 order, the court

---

[4]*Steak & Brew, Inc. v. Makris*, 177 U.S.P.Q. 412, 414 (D. Conn. 1973).

[5]*See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett,* 24 F.3d 136, 141 (10th Cir. 1994) (noting general rule in Tenth and other circuits is that automatic stay does not extend to solvent codefendants).

dismissed the Products/Dodart Monetary claims.  The court, however, reserved for trial the

Dodart/Products and the Products/Dodart Equitable Claims.  The court did not specifically

address costs relating to these equitable claims.  The June 30 order therefore does not preclude an

award of costs against Mr. Dodart.

However, Rule 54 provides that costs "shall be allowed as of course to the prevailing

party *unless the court otherwise directs.*"[6]  On its face, Rule 54 provides the court with discretion

to not award costs.  It is well established, however, that Rule 54 creates a presumption that the

district court will award costs to the prevailing party.[7]  Additionally, the district court must

provide a valid reason for not awarding costs.[8]  The denial of costs is in the nature of a penalty

and there must be some reason to penalize the prevailing party if costs are denied.[9]

Circumstances in which a district court may deny costs include "when the prevailing party was

only partially successful, when damages were only nominal, . . . when recovery was insignificant,

or when the issues were close or difficult."[10]

---

[6]Fed. R. Civ. P. 54(d) (emphasis added).

[7]*See, e.g., McInnis v. Fairfield Comtys., Inc.*, 458 F.3d 1129, 1145 (10th Cir. 2006) (citing *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190 (10th Cir. 2004)); *Cantrell v. International Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995).

[8]*See id.*

[9]*See Rodriquez*, 360 F.3d at 1190 (citing *Klein v. Grynberg*, 44 F.3d 1497, 1506-07 (10th Cir. 1995)).

[10]*Zeran v. Diamond Broad., Inc.,* 203 F.3d 714, 722 (10th Cir. 2000) (citing *Cantrell*, 69 F.3d at 459).

In this case, Products prevailed on the Dodart/Products and Products/Dodart equitable claims. In its June 30, 2005 order, however, the court granted in part Mr. Dodart's motion for summary judgment and dismissed the Products/Dodart Miscellaneous and Monetary Counts with prejudice. Additionally, in this case the issues were close and difficult. More important, Products can recover no damages from Mr. Dodart. Mr. Dodart was but a minor player in the litigation overall. Costs should be paid by the main player – Nutrition – not Mr. Dodart. Under the circumstances, the court declines to award costs against Mr. Dodart.

Given that Mr. Dodart objects only to Products' request for costs, the court grants Products' request for declaratory and injunctive relief but modifies Products' proposed order consistent with the automatic stay. The court HEREBY ORDERS:

1. As to plaintiff and counterclaim defendant David Dodart, an individual, defendant and counterclaim plaintiff Young Again Products, is the exclusive owner of all right, title and interest in and to the famous trademark "Young Again,"and holds the exclusive right to use the mark in connection with the marketing, sale, and distribution of nutritional and health supplements and related products.

2. Mr. Dodart, an individual, and his predecessors, and all other persons or entities acting for, with, by, or through them, or in concert or participation with them, or any one of them (collectively the "Enjoined Parties"), are HEREBY PERMANENTLY ENJOINED and RESTRAINED, both jointly and severally, from any and all use of the mark "Young Again"; any designation, name, or mark that consists of or incorporates the terms "Young Again"; or any other designations, names, marks, or terms confusingly similar to the mark "Young Again."

6

Accordingly, all references to the mark "Young Again" hereinafter shall be deemed to refer to the mark "Young Again"; any designation, name, or mark that consists of or incorporates the terms "Young Again"; or any other designations, names, marks, or terms confusingly similar to the mark "Young Again."

3. Such cessation of use by the Enjoined Parties of the aforementioned marks, designations, names, or terms shall include, but not be limited to: (a) the revocation of any official or unofficial registrations owned by the Enjoined Parties, including existing business licenses and fictitious business name certificates that the Enjoined Parties may currently own that include, consist of, or incorporate the mark "Young Again" and (b) the surrender and transfer to Products' counsel of any and all printed matter consisting of or incorporating the mark "Young Again," including but not limited to product labels, letterhead, invoices, business cards, envelopes, packaging material, promotional flyers, brochures, newsletters, or other promotional or marketing materials.  The Enjoined Parties shall complete items (a) and (b) above within fourteen (14) days of the date of this order.  The Enjoined Parties shall provide proof of compliance with regard to items (a) and (b) in writing to counsel for the plaintiffs, with a copy thereof to be provided simultaneously to Products' counsel and to the court.

4. Within fourteen (14) days of the date of this order, the Enjoined Parties must remove all references to the mark "Young Again" from all websites and web pages owned or controlled by the Enjoined Parties.  The Enjoined Parties shall provide proof of compliance in writing to counsel for the plaintiffs, with a copy thereof to be provided simultaneously to Products' counsel and to the court.

5.   Within fourteen (14) days of the date of this order, the Enjoined Parties shall cease all marketing, sales, and distribution of all products bearing any designation, name, or mark that consists of or incorporates the mark "Young Again."  The Enjoined Parties shall provide proof of compliance in writing to counsel for the plaintiffs, with a copy thereof to be provided simultaneously to Products' counsel and to the court.

6.   Within fourteen (14) days of the date of this order, the Enjoined Parties must cease printing, or causing to be printed, on their product labels, packaging, boxes, promotional and marketing material, letterhead, envelopes, shipping labels, or other printed material, any designation, name, or mark that consists of or incorporates the mark "Young Again."  The Enjoined Parties shall provide proof of compliance in writing to counsel for the plaintiffs, with a copy thereof to be provided simultaneously to Products' counsel and to the court.

7.   Within fourteen (14) days of the date of this order, the Enjoined Parties must cease all advertising, including pay-for-placement search engine advertising and other forms of on-line advertising, that contains or involves any designation, name, term, or mark that consists of or incorporates the mark "Young Again."  The Enjoined Parties shall provide proof of compliance in writing to counsel for the plaintiffs, with a copy thereof to be provided simultaneously to Products' counsel and to the court.

8.   The Enjoined Parties are prohibited from selling, transferring, or otherwise disposing of any of their assets, owned jointly or separately, other than in the ordinary course of business, until such time as the Enjoined Parties satisfy their obligations under this order.

9.  This court shall retain jurisdiction over this matter to enforce this order and may award other monetary or non-monetary relief or take any other action as the court deems necessary, just or proper to ensure compliance with this order.

III.    *The Court Directs Entry of Judgment as to Mr. Dodart.*

Rule 54(b) of the Federal Rules of Civil Procedure provides that "when multiple parties are involved," in an action, the court "may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  In the present case, all claims between Mr. Dodart and Products have been resolved, leaving nothing to be determined as to Mr. Dodart.  There is no reason for delay of entry of judgment as to Mr. Dodart. Accordingly, the court directs entry of judgment as to Mr. Dodart.

## CONCLUSION

Accordingly, the court HEREBY ORDERS the foregoing declaratory and injunctive relief against Mr. Dodart, that the court clerk enter judgment against Mr. Dodart pursuant to Rule 54(b), and that the case is closed as to Mr. Dodart.  With respect to Products and Nutrition, the court ORDERS that this action is stayed pending further order of this court.  The court FURTHER ORDERS that the remaining parties shall advise the court within ten days of any action by the bankruptcy court that allows this court to proceed or on March 15, 2007, of the

9

status of the bankruptcy action, whichever occurs first.  The court ORDERS the court clerk to

administratively close this case.

DATED this 9th day of November, 2006.

BY THE COURT:

Paul G. Cassell
United States District Judge